| | |
|---|---|
| DISTRICT COURT, COUNTY OF JEFFERSON<br>STATE OF COLORADO<br>100 Jefferson County Pkwy.<br>Golden, CO 80401 | DATE FILED: February 1, 2022 1:46 PM<br>FILING ID: B609DDBA5FFD1<br>CASE NUMBER: 2022CV30110 |
| Plaintiffs: **CONRAD JONES AND SONJA JONES**<br><br>v.<br><br>Defendant: **AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.** | ▲FOR COURT USE ONLY▲ |
| **ATTORNEY FOR PLAINTIFFS:**<br>Jonathan E. Bukowski, #45614<br>MERLIN LAW GROUP, P.A.<br>1001 17th Street, Suite 1150<br>Denver, CO 80202<br>Phone: 720-665-9680<br>Fax: 720-665-9681<br>E-Mail: jbukowski@merlinlawgroup.com | Case Number:<br><br>Div.:           Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiffs, Conrad Jones and Sonja Jones, by and through their undersigned counsel, and hereby submit this Complaint and Jury Demand against Defendant, American Family Mutual Insurance Company, S.I., and state as follows:

**PARTIES**

1. Plaintiffs, Conrad Jones and Sonja Jones, are individuals domiciled in Colorado (hereinafter "Plaintiffs").

2. Defendant, American Family Mutual Insurance Company, S.I. ("Defendant" or "American Family"), is an insurance company organized under the laws of the State of Wisconsin and headquartered at 6000 American Parkway, Madison, Wisconsin.

3. American Family is a foreign corporation doing business in Colorado and is engaged in the business of insurance.

## JURISDICTION AND VENUE

4. This Court has subject matter and personal jurisdiction over the parties to this cause of action.

5. A cause of action exists under Colorado state law for claims regarding the conduct complained of herein.

6. Jurisdiction is proper as to American Family pursuant to Colorado Revised Statutes § 13-1-124(1)(a), (b), and (d) because American Family conducted the business at issue in this action, committed tortious misconduct and contracted to insure property within Jefferson County, Colorado.

7. Venue is proper pursuant to Col.R.Civ.P. 98 because the events which constitute the basis of this Complaint and Jury Demand, including, but not limited to, the formation of the insurance policy and location of the property in question, occurred in Jefferson County, Colorado.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Plaintiffs are the owners of a single-family home with an attached three-car garage located at 10710 W Weaver Drive, Littleton, Colorado 80127 (the "Property").

9. Plaintiffs purchased an all-risk- replacement cost value, Colorado Homeowners Policy of insurance from American Family under Policy Number 05BG-2632-01 (the "Policy") issued with effective dates of January 24, 2020, through January 24, 2021.

10. The Policy provides coverage for additional living expenses incurred to maintain a normal standard of living.

11. The Policy's insuring agreement provides coverage for sudden and accidental direct physical loss to the Property caused by fire.

12. Pursuant to its Policy, American Family agreed to repair, rebuild, and replace damaged Property with materials of like kind and quality.

13. The Policy provides for replacement cost value benefits at the time in which repairs are to be made, not as of the date of loss. This coverage includes and contemplates any increase in cost that may arise based on a change in market conditions such as that experienced around the country as a consequence of the COVID-19 pandemic.

14. On February 2, 2020, during the Policy period, the Property suffered sudden and accidental direct physical loss caused by a fire (the "Fire").

15. The Fire caused extensive damage to the heating and air conditioning unit, roof, hardboard exterior siding, windows, soffit, doors, electrical, and throughout the interior of the Property. The Fire also caused structural damage to the trussed roof framing and sheathing over the master bedroom and garage, majority of the main floor sheathing, and to the garage wall framing. Additionally, smoke and soot permeated from the Fire, causing additional damage to personal property and throughout the interior of the Property. (Collectively the "Loss").

16. Plaintiffs were displaced due to the Loss.

17. Plaintiffs promptly reported their Loss to American Family and were assigned Claim Number 01002195303 (the "Claim").

18. American Family assigned Terry Wisdom, a Large Loss Property Field Adjuster, to assist with the adjustment of the Claim.

19. Terry Wisdom represented that everything he does on the Claim would be in the *best interest* of Plaintiffs.

20. American Family instructed Plaintiffs to submit an initial inventory identifying the personal property contents that sustained direct physical loss caused by the Fire.

21. American Family notified Plaintiffs that it would promptly issue an actual cash value payment to Plaintiffs upon receipt of their initial inventory identifying the personal property contents that sustained direct physical loss caused by the Fire.

22. On or about February 24, 2020, American Family provided Plaintiffs with an initial estimate of the scope and cost to repair damage to the Property caused by the Fire.

23. American Family knew or should have known that its initial repair estimate did not provide for the repairs necessary to return the Property to its pre-Fire condition. American Family failed to consider reasonable uniform appearance in providing for only partial repair of the damaged roof and siding, and associated painting of the exterior of the home. The initial repair estimate understated the cost to repair damaged windows, soffit, fascia, and interior repairs.

24. American Family performed additional inspections of the Property in April 2020 and June 2020. While American Family prepared several additional structure estimates following their reinspections, the structure repair estimates continued to grossly underestimate the scope and pricing necessary to return the Property to its pre-Fire condition. Moreover, each of the subsequent repair estimates provided by American Family used a material and labor pricelist from February 2020 in an effort to drive down the amount of covered benefits payable to Plaintiffs.

25. Plaintiffs consulted a general contractor who provided American Family with an objective assessment of the scope and fair market value cost of repair to restore the Property. Upon receipt of this additional information, American Family knew, or should have known, that its estimate of repair understated the amount of loss. American Family rejected the information provided by Plaintiffs' consultant, instead preferring the countering opinions of its preferred vendor.

26. On or about May 18, 2020, American Family provided Plaintiffs with a preliminary inventory of non-salvageable personal property contents.

27. On or about May 20, 2020, Plaintiffs submitted a detailed initial inventory identifying the personal property contents that sustained direct physical loss caused by the Fire.

28. Upon receipt of Plaintiffs' detailed initial personal property contents inventory on May 20, 2020, American Family knew, or should have known, that personal property inventory coverage was due and owing.

29. On or about July 8, 2020, Plaintiffs requested a meeting with American Family to review and resolve any concerns relating to their initial inventory identifying the personal property contents that sustained direct physical loss caused by the Fire.

30. On or about August 20, 2020, Plaintiffs provided American Family with an additional inventory of personal property contents located in the master bedroom which sustained direct physical loss caused by the Fire.

31. Upon receipt of Plaintiffs' additional master bedroom personal property contents inventory on August 20, 2020, American Family knew, or should have known, that personal property inventory coverage was due and owing.

32. On September 24, 2020, Plaintiffs pled with American Family to release an actual cash value payment for the personal property contents that sustained direct physical loss caused by the Fire.

33. On September 24, 2020, Plaintiffs requested a joint meeting with American Family to clarify and resolve any concerns regarding the scope and price of repairs required to return the Property to its pre-Loss condition.

34. Rather than working with Plaintiffs to adjust the Claim, American Family provided Plaintiffs with a written demand that the disputed amount of loss be set by appraisal (the "Appraisal").

35. American Family's premature appraisal demand forced Plaintiffs to unnecessarily incur the expense of hiring an appraiser and umpire.

36. On or about October 13, 2020, during the appraisal process, American Family issued its first actual cash value payment for the personal property contents that sustained direct physical loss caused by the Fire.

37. The Parties each selected a competent and disinterested appraiser, creating an appraisal panel to set the amount of loss pursuant to the terms and conditions of the Policy ("Appraisal Panel").

38. Pursuant to the terms and conditions of the Policy, for an appraisal award setting the amount of loss to be executed, two of the three Appraisal Panel members must agree and sign a written appraisal award memorializing the agreement as to the amount of loss.

39. Pursuant to the terms and conditions of the Policy as well as Colorado state law, the Appraisal Panel may make binding factual determinations.

40. On August 17, 2021, an appraisal award was signed by the Appraisal Panel ("Appraisal Award").

41. In support of the Appraisal Award, the Appraisal Panel prepared and agreed to an estimate providing a line-by-line itemized scope of repairs outlining the amount necessary to place the Property in its pre-Loss condition ("Appraisal Award Estimate").

42. Pursuant to the terms and conditions of the Policy, the Appraisal Award is binding on both Plaintiffs and American Family.

43. The Appraisal Award provided for an amount of increase of nearly forty percent above and beyond American Family's initial assessment and twenty-five percent its final estimate of damage to the Property.

44. The Appraisal Award provided for an amount of increase of over twenty-five percent above and beyond American Family's assessment of the amount of loss to personal property contents that sustained direct physical loss caused by the Fire.

45. The amount of loss outlined in the Appraisal Award further substantiated American Family's failure to properly adjust the claim which resulted in a delay and denial of covered insurance benefits to Plaintiffs without a reasonable basis.

46. Following entry of the Appraisal Award, American Family notified Plaintiffs that their Policy was not being renewed.

47. The actions of American Family have caused Plaintiffs great financial harm. The cost of repairs to the Property in dispute have increased due to the unreasonable delay caused by American Family's untenable position and its failure to consider the information provided by Plaintiffs prior to the Appraisal. Plaintiffs have also incurred significant unpaid costs in their retention of an appraiser and umpire to confirm the unpaid damage to the Property.

### FIRST CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

48. Plaintiffs reallege and reaffirm Paragraphs 1-47 as if fully set forth herein.

49. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

50. Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

51. Plaintiffs are first-party claimants within the meaning of Colorado Revised Statute § 10-3-1115.

52. American Family is an insurer within the meaning of Colorado Revised Statute § 10-3-1115.

53. American Family delayed and denied payment of covered benefits to Plaintiffs as alleged in the preceding paragraphs of the Complaint without a reasonable basis for its actions.

54. As more fully alleged in the Paragraphs above, American Family failed to conduct an objective and thorough evaluation of the Claim. American Family's failure to provide an accurate scope of repairs coupled with its refusal to consider the countering opinions of the consultants retained by Plaintiffs, led to an unreasonable delay of covered insurance benefits to Plaintiffs.

55. As more fully alleged in the Paragraphs above, American Family's repair estimates did not provide for the reasonable cost to replace the Property given the market conditions and increases in labor and materials in Littleton, Colorado. American Family's failure to properly evaluate the market conditions led to an unreasonable delay in the processing of the Claim and payment of covered insurance benefits to Plaintiffs.

56. As more fully alleged in the Paragraphs above, American Family's refusal to timely release actual cash value for personal property contents that sustained direct physical loss caused by the Fire led to an unreasonable delay in the processing of the Claim and payment of covered insurance benefits to Plaintiffs.

57. Measured against objective insurance industry standards for claim handling and payment, American Family's actions have unreasonably delayed payment of the Loss and damage.

58. Based upon the foregoing Paragraphs, Plaintiffs are therefore entitled to two times the covered benefits that have been delayed and denied to them, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiffs, Conrad Jones and Sonja Jones, respectfully request this Court enter judgment against Defendant, American Family Mutual Insurance Company, S.I., for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, interests, and attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(Common Law Bad Faith)**

59. Plaintiffs reallege and reaffirm Paragraphs 1-58 as if fully set forth herein.

60. American Family owed duties arising from the Policy's implied covenants of good faith and fair dealing, under which American Family covenanted that it would, in good faith and in the exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform its duty of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiffs' rights to receive the benefits provided by the Policy.

61. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices, denying and delaying due payment of available benefits under the Policy.

62. At all times, Plaintiffs fulfilled their obligations under the Policy and acted in accordance with their duty of good faith and fair dealing.

63. American Family breached its covenant of good faith and fair dealing that it owes to Plaintiffs by engaging in a pattern of conduct designed to deprive Plaintiffs of their rights and benefits under the Policy.

64. As described in more detail above, American Family and its agents either knowingly, or with reckless disregard to their actions, recklessly underestimated the scope of repairs in an effort to drive down the amount of covered benefits payable to Plaintiffs.

65. As described in more detail above, American Family and its agents either knowingly, or with reckless disregard to their actions, recklessly underestimated the fair market cost of repair in an effort to drive down the amount of covered benefits payable to Plaintiffs.

66. As described in more detail above, American Family and its agents either knowingly, or with reckless disregard to their actions, failed to provide an allowance for repairs that would achieve a reasonable uniform appearance in an effort to drive down the amount of covered benefits payable to Plaintiffs.

67. As described in more detail above, American Family strung out the Claim and low-balled the actual cost to repair damage to the Property. American Family's initial evaluation was grossly insufficient to restore the Property to its pre-Loss condition. American Family failed to conduct an objectively reasonable investigation as confirmed by the Appraisal Award. Consequently, Plaintiffs have been delayed in their ability to timely rebuild their Property, resulting in an increase in the cost of construction and inability to return to their Property.

68. As described in more detail above, American Family and its agents either knowingly, or with reckless disregard to their actions, failed to timely and objective evaluate Plaintiffs' personal property inventory preventing Plaintiffs from timely replacing the damaged items.

69. As demonstrated by the Paragraphs above, American Family has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policies. While liability for coverage was reasonably clear, American Family did not attempt in good faith to effectuate a prompt, fair, and equitable resolution of the Claim.

70. American Family knew or should have known that its decision to delay payment of available policy benefits to indemnify the loss and damage would cause Plaintiffs financial distress and pecuniary loss.

71. American Family's conduct has resulted in an avoidable harm to Plaintiffs.

72. It is apparent from American Family's conduct in the handling of Plaintiffs' Claim that American Family has adopted a plan or approach to delay, as much as possible, its handling and payment of the Claim.

73. American Family has committed such actions willfully and with such frequency as to indicate a general business practice.

74. Plaintiffs have suffered, and continue to suffer actual damages, due to American Family's breach of its covenant of good faith and fair dealing.

75. As a direct and proximate result of American Family's actions, Plaintiffs have:

(a) Incurred and will incur in the future increased costs to repair, restore and/or replace the significant property damage;
(b) Suffered and will continue to suffer damages as a foreseeable and proximate result of the misconduct alleged; and
(c) Suffered and will continue to suffer other expenses, including investigatory fees, appraiser fees, umpire fees, and other losses.

**WHEREFORE**, Plaintiffs, Conrad Jones and Sonja Jones, respectfully request this Court enter judgment against Defendant, American Family Mutual Insurance Company, S.I., for all damages suffered as a foreseeable and proximate result of the conduct alleged herein, pre and post

judgment interest, attorneys' fees in accordance with applicable law, costs including expert witness fees, and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

76. Plaintiffs demand trial by jury with respect to all claims and issues triable to a jury.

Dated: February 1, 2022

Respectfully submitted,

<u>s/ Jonathan E. Bukowski</u>
Jonathan E. Bukowski, Esq.
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:   720-665-9680
Facsimile:    720-665-9681
E-Mail: jbukowski@merlinlawgroup.com

and

Larry E. Bache, Jr., Esq.
Merlin Law Group, PA
777 S. Harbour Blvd., Ste. 950
Tampa, FL 33602
Telephone:   813-229-1000
Facsimile:    813-229-3692
E-Mail: lbache@merlinlawgroup.com
*Attorneys for Plaintiffs*